UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HARRIS,

        Plaintiff,

                                    CASE NO. 14-CV-13453

    v.                            HONORABLE GEORGE CARAM STEEH

PORT HURON CHARTER TOWNSHIP,

        Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #20) AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #15) AND DISMISSING CASE

Plaintiff John Harris is disabled and requires the use of a motorized scooter to ambulate. On September 25, 2013, plaintiff visited Bakersfield Park, a park owned and operated by the defendant Port Huron Charter Township, with his family. He alleges that while using his scooter to exit a boat ramp connected to a floating canoe and kayak launch, his scooter rolled off of an unmarked and unguarded portion of the ramp causing him to fall several inches to the ground and suffer serious injuries. The complaint is in two counts: Count I- Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101; and Count II- Violation of Michigan's Persons With Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1302. Both claims are based on plaintiff's argument that the ramp was not in compliance with Department of Justice (DOJ) regulations. Plaintiff seeks money damages.

Defendant contends that plaintiff did not fall from a boat "ramp." Defendant argues that plaintiff was using his motorized scooter on the "accessible route" serving a floating

boarding pier, and, therefore, the DOJ regulations that apply to ramps do not apply to this case.  Moreover, defendant argues that plaintiff has not offered any evidence of intentional discrimination that would entitle him to compensatory damages.

Now before the court are cross motions for summary judgment.  Plaintiff filed a partial motion for summary judgment as to Count I, only.  (Doc. #20).  Defendant seeks summary judgment on all claims.  (Doc. #15).  The court held oral argument on August 31, 2015.  For the reasons that follow, plaintiff's motion will be denied and defendant's motion will be granted.

## I. BACKGROUND

Plaintiff is a 49-year-old male suffering from multiple disabilities that require him to use a motorized scooter.  He was using his scooter when he visited Bakersfield Park with his family on September 25, 2013.  John Emig, Jr., an engineer and the project manager for the Bakersfield Park project, explained that defendant's intent in developing the park "was to provide a barrier free facility while preserving the property on the Black River for public recreational use."  (Emig Aff. ¶ 15).

In accordance with defendant's intent for a barrier free facility, Bakersfield Park is equipped with a floating canoe and kayak launch meant to be accessible to people of all abilities.  A sign is displayed at the park explaining the launch.  The sign states, in relevant part,

> **Use of this Canoe and Kayak Launch is Free.**
>
> This floating Canoe & Kayak Launch was developed by the St. Clair County Parks and Recreation Commission under an Access to Recreation grant funded by the Kellogg Foundation through the St. Clair County Community Foundation.

The goal of the grant was to design, develop and build universally accessible recreation facilities for residents and guests of all abilities. In the case of this launch system, our goal is to have a facility that makes launching and retrieving canoes and kayaks easy for paddlers of all abilities.

This launch was purchased with St. Clair County Parks and Recreation Milage funds. Additional launches will be installed at sites throughout St. Clair County in the coming years. All sites will have to provide an accessible, paved route from the parking area to the launch.

(Doc. #20-4 at 2).

Plaintiff and his wife accessed the canoe and kayak launch through the paved route from the parking lot area around 7:00 p.m. as it was starting to get dark. (Pl's. Dep. Tr. 23:21-24:23; 25:13-24). After spending approximately five minutes on the floating canoe and kayak launch, plaintiff and his wife returned on the paved route the same way they originally had accessed the floating launch. (Pl's. Dep. Tr. 24:25; 26:8-11). As plaintiff approached an area on the paved route that did not have rails, he turned to his right and "fell off" the route, which was elevated between 16 and 17 inches from the ground, falling off of his scooter. (Pl's. Dep. Tr. 27:8-22). The scooter landed on his right leg. (Pl's. Dep. Tr. 28:15-16). Plaintiff was taken by EMS to Port Huron Hospital and underwent surgery for a broken hip.

As can be seen in the pictures of the canoe and kayak launch accompanying the parties' papers, the elevated concrete abutment is connected to a gangway secured by rails on both sides, which connects to the boarding pier. On both sides of the concrete abutment are boat launch ramps. The "gangway and floating pier were selected rather than a fixed structure to facilitate ease of access into canoes and kayaks by disabled individuals when the water level fluctuates. The gangway and floating boarding pier are

-3-

removed seasonally." (Emig Aff. ¶ 22). Plaintiff had made his way back up the gangway and fell from the side of the concrete abutment onto the boat launch ramp.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-

-4-

48 (emphasis in original); *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence from which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

## III. ANALYSIS

### A. The ADA Claim

Count I of plaintiff's complaint alleges a violation of the ADA, 42 U.S.C. § 12101. Plaintiff contends "[t]hat the ramp from which [he] fell failed to provide proper access/egress for persons with disabilities as required under the [ADA] to wit; the ramp failed to contain proper warnings or guards to protect persons using wheelchairs and with disabilities who were using the ramp." (Compl. ¶ 10).  Plaintiff cites section 4 of the 1991 Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), which states, in part:

> **4.8.5 Handrails.**  If a ramp run has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm), then it shall have handrails on both sides.

**4.8.7 Edge Protection.** Ramps and landings with drop-offs shall have curbs, walls, railings, or projecting surfaces that prevent people from slipping off the ramp. Curbs shall be a minimum of 2 in (50mm) high. . . .

Because plaintiff characterizes the concrete abutment where he fell as a "ramp," he argues that he is entitled to summary judgment on the ADA claim because the ramp does not comply with section 4 of the 1991 ADAAG.

Defendant opposes plaintiff's request for summary judgment and seeks summary judgment on both the ADA and PWDCRA claims in its favor. Defendant argues that it does not matter whether the 1991 ADAAG were followed because those guidelines only apply to ramps; however, defendant contends that boat launches are not ramps and that boat launches are exempt from the 1991 ramp guidelines per subsequent regulations. In any event, defendant argues that it is entitled to summary judgment because plaintiff has failed to proffer any evidence of intentional discrimination.

The court does not resolve the parties' differing arguments as it relates to whether the canoe and kayak launch contains a "ramp," and, if so, whether it is in compliance with DOJ regulations. Plaintiff conceded at oral argument that, if the law requires proof of intentional discrimination, his ADA claim cannot succeed because he has not shown intentional discrimination. As explained below, the ADA requires a showing of intentional discrimination.

The ADA was enacted "with the noble purpose of 'provid[ing] a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Tucker v. Tenn.*, 539 F.3d 526, 531 (6th Cir. 2008) (citation omitted). Title II of the ADA "forbids discrimination against disabled individuals in . . . public services

-6-

. . . ."  *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001) (citing 42 U.S.C. §§ 12131–12165).  Specifically, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  "The Act grants the Attorney General authority to promulgate regulations to implement its provisions."  *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 904 (6th Cir. 2004) (citations omitted). Pursuant to this authority, the Attorney General adopted 28 C.F.R. § 35.151, providing that facilities constructed after January 26, 1992 by or on behalf of a public entity "shall be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities[.]" 28 C.F.R. § 35.151(1).

To establish a prima facie case of discrimination under Title II of the ADA, the plaintiff must prove: "'(1) [he] has a disability; (2) [he] is otherwise qualified; and (3) [he] is being excluded from participation in, being denied the benefits of, or being subjected to discrimination . . . because of [his] disability.'"  *Tucker*, 539 F.3d at 532 (quoting *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005)).  Moreover, the plaintiff must show the discrimination was "*intentionally* directed toward him . . . in particular."  *Id.* (citing *Dillery*, 398 F.3d at 568) (emphasis in original).  If the plaintiff meets his burden in establishing a prima facie case, the burden shifts to the defendant "to show that the accommodation provided was . . . effective. . . ."  *Id.* (citation omitted).

Assuming that the route to the canoe and kayak launch discriminates against disabled persons, plaintiff has not offered any evidence that defendant intentionally

discriminated against him specifically. Nor does he seek injunctive relief for ADA non-compliance. Therefore, summary judgment is appropriate.

To establish discrimination "because of" disability, a plaintiff is required to establish that, but-for the disability, the discrimination would not have occurred. *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 321 (6th Cir. 2012) (en banc). However, to prevail on his claim, the plaintiff must demonstrate that defendant intentionally discriminated *against him specifically*, not all disabled persons generally. *Dillery*, 398 F.3d at 568. Plaintiff has failed to proffer any evidence on this point to survive summary judgment.

The Sixth Circuit's decision in *Dillery* is instructive. In that case, the plaintiff used a wheelchair or motorized scooter to get around because of a disability. 398 F.3d at 564. The plaintiff brought suit against the City of Sandusky alleging that the city violated the ADA "by failing to install proper curb cuts, such that [she] was forced to ride her wheelchair in the street instead of the sidewalk." *Id.* at 565. The plaintiff argued that the city intentionally discriminated against her in violation of the ADA because "(1) the City failed to install proper curb cuts and sidewalks; (2) the City failed to listen to her complaints about the inaccessibility of the streets and curbs and the City's police officers stopped her because she rode her wheelchair in the street; and (3) the City failed to train its officers about the ADA." *Id.* at 567–68.

The Sixth Circuit in *Dillery* affirmed the district court's grant of summary judgment to the defendant on the basis that the plaintiff did not demonstrate that the city intentionally discriminated against her. The court explained:

> The failure of Sandusky to install handicapped-accessible sidewalks and to train its employees about the ADA affects all disabled persons, not just Dillery. Thus, Dillery cannot demonstrate that Sandusky discriminated

-8-

against her specifically by failing to undertake these actions. "[A]cts and omissions which have a disparate impact on disabled persons in general [are] not specific acts of intentional discrimination against [the plaintiff] in particular." *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997).

*Id.* at 568.

This case is no different than *Dillery*. Plaintiff seeks damages for an alleged ADA violation that disparately impacts disabled persons generally. *See Tucker*, 539 F.3d at 532 (citing *Tyler* for the proposition that "[a]cts and omissions which have a disparate impact on disabled persons in general [are] not specific acts of intentional discrimination against [the plaintiff] in particular.") (internal quotation marks omitted). Plaintiff has not proffered any evidence to show that defendant intentionally discriminated against him personally in designing and constructing the canoe and kayak launch. Plaintiff's failure to point to specific acts of intentional discrimination by defendant defeats his ADA claim. Summary judgment will be granted in favor of defendant.

Although plaintiff is correct that Sixth Circuit case law had held that compensatory damages are available for violations of Title II of the ADA, see *Johnson v. City of Saline*, 151 F.3d 564*, 573 (6th Cir. 1998), such damages are only available for *intentional* violations of the ADA. *See Tucker v. Tennessee*, 443 F.Supp.2d 971, 973 (W.D. Tenn. 2006) (collecting cases). Barring compensatory damages absent a showing of intentional discrimination is in line with *Dillery*'s rationale that a plaintiff may not maintain a Title II ADA claim based on disparate treatment affecting disabled persons generally. Defendant is entitled to summary judgment on the ADA claim.

**B. The PWDCRA Claim**

-9-

Defendant also seeks summary judgment on the PWDCRA claim. Defendant argues that plaintiff's PWDCRA claim is based solely on an alleged violation of the 1991 ADAAG, and, thus, does not establish a freestanding PWDCRA claim. Plaintiff's response brief does not address defendant's argument. Plaintiff addresses only the claim under the ADA. Despite plaintiff's failure to respond to defendant's argument, the court addresses the PWDCRA claim and concludes that summary judgment is appropriate.

The Sixth Circuit has explained that "[t]he PWDCRA 'substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim.'" *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012) (citation omitted); *see also Curry v. Cyprian Ctr.*, 17 F. App'x 339, 341 (6th Cir. 2001) ("Because '[c]laims of handicap discrimination under Michigan law essentially track those under federal law[,] . . . resolution of [Plaintiff's] claim under the federal statute also dispenses with [her] claim under the [PWDCRA].'") (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 n.3 (6th Cir. 1996)). In *Donald*, the court reasoned that the plaintiff did not provide argument as to why the ADA and PWDCRA claims should be treated separately, nor did the court's review of the record indicate that the claims should be separately treated. So too is the case here. Plaintiff has not indicated that the ADA and PWDCRA claims should be treated differently, and the court sees no reason why the claims deserve different treatment. In fact, plaintiff's failure to address the PWDCRA claim supports the position that the claim mirrors the ADA claim. Essentially, plaintiff has failed to establish a genuine issue of material fact that defendant intentionally discriminated against him. Therefore, summary judgment will be granted to defendant.

## IV. CONCLUSION

-10-

For the reasons stated above, plaintiff's motion for partial summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.   This case is DISMISSED.

IT IS SO ORDERED.

Dated:  September 15, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 15, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---